# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

# STATE OF WYOMING.

## NOVEMBER TERM, 1890.

STATE ex rel. SCHOOL DIST. No. 1 OF CONVERSE COUNTY v. CLAY, County Treasurer, et al.

(November 22, 1890.)

MANDAMUS — JURISDICTION OF SUPREME COURT — CONSTITUTIONAL LAW.

Const. art. 5, § 3, provides that "the supreme court shall have original jurisdiction in quo warranto and mandamus as to all state officers, and in habeas corpus. The supreme court shall also have original jurisdiction to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Held, that the supreme court has power to issue writs of mandamus, except as to state officers, only in cases where such writs are necessary to the complete exercise of such appellate and revisory jurisdiction, since general words, followed by words of special meaning, are limited in their application to matters of the same nature, included in the meaning of the specific words, and since any other construction would render the first clause of the section redundant, and of no effect.

Application by school district No. 1 in the county of Converse for mandamus to Charles E. Clay, as treasurer of Converse county, and the board of county commissioners of Converse county. Denied.

Lacey & Van Devanter, for relator. A. C. Campbell, for respondents.

CONAWAY, J. This is an application for a writ of mandamus running to the defendants, the treasurer and the board of county commissioners of Converse county. The jurisdiction of this court to issue the writ of mandamus is conferred by section 3 of article 5 of the constitution, in the following provisions: "The supreme court shall have original jurisdiction in quo warranto and mandamus as to all state officers, and in habeas corpus. The supreme court shall also have original jurisdiction to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." It is the duty of this court to ascertain from this language and to enforce the intention of the framers of the constitution in formulating and of the people in adopting these provisions, in so far as they relate to mandamus. There is a familiar rule of construction to the effect that general words, followed in the same connection by words of limited and specific application and meaning, are limited in their application

Ex parte Bergman.

to matters of the same nature and character included in the meaning and intent of the specific words. This would seem to be a proper case for the application of this rule. It is reasonably clear that the real and only effect of the provision that "the supreme court shall also have power to issue writs of *mandamus*, review, prohibition, *habeas corpus, certiorari*, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction," is to confer upon this court power to issue the writs named, including *mandamus*, only in cases where such writs are found necessary to the complete exercise of such appellate and revisory jurisdiction. If there be any doubt as to the application of the rule cited, there is another well-known and universally recognized rule of construction that would seem to set all doubt at rest. Speaking of the construction of state constitutions, Judge Cooley says: "Every such instrument is adopted as a whole; and a clause which, standing by itself, might seem of doubtful import, may yet be made plain by comparison with other clauses or portions of the same law. It is therefore a rule of construction that the whole is to be examined with a view to arriving at the true intention of each part. * * * And in making the comparison, it is not to be supposed that any words have been employed without occasion, or without intent that they should have effect as part of the law; and courts will lean in favor of a construction which will render every word operative, rather than the one which shall make some idle and nugatory." Cooley, Const. Lim. pp. 57, 58. If the intention had been to confer upon the supreme court general original jurisdiction in *mandamus* by the latter clause of said section above quoted, it is evident that the foregoing provision as to *mandamus* should, and doubtless would, have been eliminated. The construction that the latter clause confers general original jurisdiction in *mandamus* upon the supreme court of the state would make "idle and nugatory" the provision of the former clause, giving the same court original jurisdiction in *mandamus* as to all state officers. Such construction would make this provision redundant, and of no effect. It would seem that such construction would not carry out, but would defeat, the evident meaning and intent of the constitution; and this view is strengthened by the consideration that section 10 of article 5 of the constitution confers upon the district courts general and unlimited jurisdiction of the writ of *mandamus* and all other writs named in the provisions above cited, as well as in injunction, by words too plain to admit of doubt or to require construction. This leaves no necessity for conferring the same original jurisdiction upon the supreme court, and such course would seem to be of doubtful propriety. The supreme court is, or should be, essentially a court of appellate jurisdiction, with perhaps a limited original jurisdiction, where strong special reasons therefor intervene. The propriety of such original jurisdiction in any case in a court of last resort has been seriously questioned, involving, as it does, the sacrifice of the right and benefit of a re-examination in an appellate court, and for other reasons. It would seem that such a jurisdiction is one that should not be extended by construction. The application for a writ of *mandamus* is denied.

GROESBECK, C. J., concurs. MERRELL, J., not having qualified, did not sit in the case.