F. E. SCHELL V. J. J. TERRELL, COMMISSIONER ET AL.

No. 1704.  Decided May 22, 1907.

**Jurisdiction of Supreme Court—Mandamus—Question of Fact—School Land—Lease.**

An application to purchase school land was refused because the land was under lease. Applicant sued for mandamus from the Supreme Court to compel the sale to him, alleging that the lease was void. The answer of respondents, setting up facts showing the lease valid, disclosed an issue of fact, which the Supreme Court could not determine, and therefore dismiss the suit. (P. 586.)

Original proceeding in the Supreme Court, by Schell, for writ of mandamus against Terrell, as Commissioner of the General Land Office, making A. J. Walcott, who was adversely interested, a corespondent.

*James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent Terrell.

*Miller & Dycus,* for respondent Walcott.

WILLIAMS, ASSOCIATE JUSTICE.—Relator applies for a mandamus to compel the Commissioner to accept his application to purchase certain public school lands, which the Commissioner refuses to do on the ground that at the date of relator's application the lands, which are in the absolute lease district, were included in a valid and subsisting lease in favor of his corespondent. Relator's attack upon the lease is on the ground that, as originally issued, it was for a term of five years which had expired when he made his application to purchase, but had been changed by the unauthorized acts of the Commissioner and the lessee to one for a term of ten years in violation of the law as declared in the case of Ketner v. Rogan, 95 Texas, 559, which term had not expired when relator applied to purchase.

The respondents deny that any lease for a term of five years ever took effect, and assert that the one now held by them was, from the beginning, for ten years. The facts stated in their answer are, in substance, that the original lessee made application for a ten years' lease which was accepted by the Commissioner by letter, which instructed him to make the first payment of rent to the State Treasurer, which was done; that shortly thereafter the Commissioner, conceiving the opinion that the land could not lawfully be leased for more than five years, altered the application so as to make it appear to be for a five year lease, issued a lease for that term and sent it to the proper county clerk to be recorded, which was done; that all of this was done without the knowledge or consent of the applicant, and that when he received from the clerk the recorded lease he called the attention of the Commissioner by letter to the fact that he had applied for a ten years' lease while that issued was only five; that the Commissioner in reply gave the reason above stated for the change; that shortly thereafter the Commissioner became satisfied of his error in holding that a lease for ten years was not permissible, and with the concurrence of the lessee, the application and the lease were again altered from five to ten years, and, under instructions of the Commissioner, the county record was also changed to correspond. The answers aver that the lessee never accepted the lease for five years, but that the parties only reached an agreement when in the manner stated the term was fixed at ten years.

It is too clear to require argument that the facts stated in the answer show that no lease for five years ever took effect and that the only one was that for ten years. The petition for mandamus alleges the complete execution and delivery of a valid lease for five years and the subsequent substitution of one for the longer term. An issue of fact is thus raised which this court can not resolve. The case must therefore be dismissed for want of jurisdiction.

*Dismissed.*