[No. 1487, June 17, 1912.]

THE STATE OF NEW MEXICO on the relation of REED HOLLOMAN, Relator, v. THOMAS D. LEIB, Respondent.

SYLLABUS (BY THE COURT).

1. A proceeding by information in the nature of quo warranto to try title to a public office is not a proceeding against the officer as such, but is confined in its scope to an inquiry as to whether the person is lawfully holding the office.

2. Under the provisions of sec. 15 of art. 6 of the constitution, the Chief Justice of this Court has power to designate any District Judge in the State to hold Court in any district whenever the public business may require, whether the requirement arises out of an undue accumulation of business, or by reason of the disqualification of the District Judge to sit in any one or more cases.

3. The provision of the section for trials before a member of the bar as Judge pro tempore is permissive merely, and does not control the other provisions of the section.

Petition for leave to file information in the nature of a writ of quo warranto. Rule discharged.

## OPINION OF THE COURT.

PARKER, J.—This is an original petition in this court for leave to file information in the nature of quo warranto. The relator was a candidate for the office of District Judge of the Eighth Judicial District against the respondent at the recent first state election. The respondent received the certificate of election from the canvassing board, and has entered upon the discharge of his duties. Relator alleges in his affidavit accompanying the petition that while respondent on the face of the returns received the larger number of votes, in fact relator received the larger number of legal votes, the discrepancy occurring by reason of certain alleged irregularities or misconduct in conducting the election in precincts 1, 3 and 16 in Union County.

A rule to show cause why leave should not be had to file the information was issued and served and, upon the return day, respondent moved to discharge the rule. Several considerations are presented by counsel, some of which will be considered.

Counsel for respondent rely upon State, ex rel Owen v. Van Stone, 121 Pac. 611, decided January 20th, 1912. In that case, after pointing out that this court, as well as the district courts, has original jurisdiction in these cases in all instances, we said:

"This Court, in the absence of some controlling necessity therefor, of the existence of which this Court is the sole judge in each instance, should decline such jurisdiction, and will do so in all cases brought at the instance of a private suitor. What will be considered by this Court as a controlling necessity, it will be impossible, and indeed improper, to attempt to define in advance."

It is urged by relator that a "controlling necessity"

exists for this Court to assume jurisdiction, for the reason that respondent is in the possession of and exercising the functions of the office of District Judge and, consequently, no other District Judge or court has jurisdiction to entertain the proceeding. The proposition is based upon the proviso contained in sec. 13 of art. 6 of our Constitution, which is as follows:

"The District Courts, or any Judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and all other writs, remedial or otherwise in the exercise of their jurisdiction, provided, that no such writs shall issue directed to judges or courts of equal or superior jurisdiction."

The argument proceeds upon the theory that a proceeding of this kind against a man holding the office of District Judge is a proceeding against him in his official character and that this is expressly forbidden by the proviso, supra. At first view it would seem that the argument is sound. While the proceeding is not intended to control judicial action in any particular matter, it may seem to be designed to control judicial action by forbidding any such action at all in any case. But this view is superficial and erroneous. The real nature of the proceeding is to inquire into the right of the individual to assume to hold and exercise the functions of a public office and has no reference, except incidentally, at least, to any official action. Hence the proceeding is purely personal against the individual and not against the officer.

Thus in High's Extr. Legal Rem. sec. 604, it is said:

"Nor does it command the performance of his official functions by any officer to whom it may run, since it is not directed to the officer as such, but always to the person holding the office or exercising the franchise, and then not for the purpose of dictating or prescribing his official duties, but only to ascertain whether he is rightfully entitled to exercise the functions claimed."

So in Attorney General v. Barstow, 4 Wis. 803 (773), it is said:

"It is foreign to the objects and functions of the writ

of quo warranto to direct any officer what to do. It is never directed to an officer as such, but always to the person—not to dictate to him what he shall do in his office, but to ascertain whether he is constitutionally and legally authorized to perform any act in or exercise any functions of the office to which he lays claim."

See also State v. Broatch, 68 Nebr. 763.

It follows that the argument based on the proviso in sec. 13 of art. 6 of the Constitution fails.

The argument for relator further proceeds to the effect that a controlling necessity exists for this court to assume jurisdiction because no provision of law exists whereby relator can compel a hearing in the District Court. The argument is based upon sec. 15 of art. 6 of the Constitution, which is as follows:

"Any District Judge may hold District Court in any county at the request of the Judge of such district. Whenever the public business may require, the Chief Justice of the Supreme Court shall designate any District Judge of the State to hold court in any district, and two or more District Judges may sit in any district or county separately at the same time. If any Judge shall be disqualified from hearing any cause in the District, the parties to such cause, or their attorneys of record, may select some member of the bar to hear and determine said cause, and act as Judge pro tempore therein."

It is urged that a proper interpretation of the section limits the procedure, where a District Judge is disqualified, to the selection, by agreement of the parties, of some member of the bar to act as Judge pro tempore, and it is urged that this might and, in case the incumbent refused to agree, would amount to a denial of justice. We think the interpretation too narrow and the argument faulty.

In the first place power is conferred by the section upon District Judges to call in another District Judge in any case. We assume, however, that a due sense of the proprieties would cause any District Judge to refrain from selecting another Judge to try a case involving the very title to the former's office, except upon consent of the opposite party. Under the territorial form of gov-

ernment it was not infrequent, to avoid the expense to litigants on change of venue, to call in another Judge to try a case in which the presiding Judge was disqualified. But the parties were uniformly consulted as to the Judge to be selected.

Again, the Chief Justice has power under this section to designate any District Judge to hold court in any District whenever the public business may require. It is not only when the public business may be too heavy for one Judge to attend to, but whenever, for any reason, the public business may require, that the Chief Justice has the power to designate another District Judge to hold court in any district. If for any reason, therefore, the circumstances arise so that one case or many cases cannot be disposed of in any district, the power of the Chief Justice may be invoked and the remedy applied.

The provision for the selection of a member of the bar to try a given case is merely permissive and does not control the other provisions of the section.

So it appears that no controlling necessity exists for this court to entertain jurisdiction, a speedy and adequate remedy in the District Court being available.

The conclusion of the Court, in accordance with our former decision in the Owen-Van Stone case, supra, being that it should not entertain jurisdiction of a proceeding of this kind under the circumstances mentioned, it becomes unnecessary and, we deem it improper, to decide in advance the question presented as to the right of trial by jury in quo warranto proceedings, no District Court having as yet awarded or denied such right.

For the reasons stated, the rule to show cause will be discharged, and the petition of relator will be dismissed, without prejudice to a renewal of the same in the proper District Court.