MAZZIE PITMAN v. JAMES E. MERCER, DISTRICT JUDGE, ET AL.

No. 5263.   Decided June 5, 1929.
(17 S. W., 2d Series, 766.)

*Sam J. Hunter,* for relator.

*Curtis Kassel,* for respondent.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

This is an original proceeding in which the relator seeks a writ of mandamus to compel the respondent, Hon. James E. Mercer, Judge of the 67th Judicial District, to set aside the verdict and judgment rendered in said court in the case of Mrs. Mazzie Pitman v. Carb Building Company.

The Carb Building Company, defendant in above cause, was granted leave to intervene herein, as it was made to appear that its rights would be affected if the writ prayed for should be granted.

Relator bases her right to a writ of mandamus upon two grounds; first, that respondent as district judge has denied her the right of a

jury trial, to which she was lawfully entitled, and second, because the judgment rendered against her in the above styled cause is void upon its face, being predicated upon a jury verdict in her favor.

It is set forth in relator's petition that when the cause in which she was plaintiff was called for trial the defendant in said cause presented a demurrer to her supplemental petition. That the defendant in its answer had pleaded in bar of her action a certain judgment rendered in the case of I. Marx v. Cullen Bailey, et al, No. 67962, in which she was a party. That her supplemental petition attempted to set forth matters which would render void the judgment claimed to be a bar to her cause of action. That relator offered in evidence the file record book in an effort to show that no citation was ever issued on the cross action against her in the Marx case, and that she testified that no citation was ever served on her in said cause. It appears that the respondent Carb Building Company, who was defendant in said cause, then offered in evidence the record of the judgment in the Marx case, whereupon the court announced the conclusion that said judgment was res adjudicata as to relator's cause of action and that he would peremptorily instruct the jury to return a verdict for the defendant and it is further averred that relator was denied the right to read her pleadings to the jury or to offer any evidence to establish the cause of action set forth therein.

Relator's pleadings in this court further show that the judgment actually rendered against her recites that the court instructed the jury to render a verdict in favor of the *plaintiff* and that the jury's verdict was in favor of *plaintiff,* but the judgment provided that the plaintiff take nothing and that the defendant go hence, etc. Affidavits of a number of the jurors impaneled to try said cause substantiate relator's allegations with reference to the instruction given the jury and the verdict returned in obedience thereto.

The answer filed by respondents controverts all of the material allegations of fact set forth in relator's petition, it being averred that when said cause was called for trial the demurrers presented to relator's supplemental petition raised the legal question as to whether the judgment rendered in the case of Marx v. Bailey was binding on relator, who was a party to said cause. That relator conceded in open court that if such judgment was not void it was a bar to her right to recover. That thereupon the judgment was offered in evidence and relator offered proof in an effort to show that said judgment was void. That such procedure was with the full consent of relator. That after hearing such proof the court concluded that said

judgment was not void and that the same operated as a bar to the cause of action declared on by relator. That under such view there remained no issue of fact to be determined by the jury and a peremptory instruction was given in favor of defendant and verdict rendered accordingly.

It is further averred by respondents that the attorney for the defendant, Carb Building Company, in preparing the judgment, through inadvertence, caused the same to recite that the jury had been instructed to return a verdict for the plaintiff and that such verdict had been rendered, whereas in truth and in fact the jury were instructed to return a verdict in favor of the defendant and verdict was rendered in accordance with such instruction. The respondent district judge attaches to his answer certified copies of the instruction given by him to the jury and of the jury's verdict, which show the jury were instructed to return a verdict for the defendant and that such verdict was in fact returned.

It is made to appear by a supplemental answer filed by respondents that the Carb Building Company, defendant in said cause, duly filed a motion in said court to correct these erroneous recitals in the judgment by entering judgment *nunc pro tunc,* attaching thereto a copy of the judgment as corrected. Notice was duly issued on said motion, served on relator's attorney, and thereafter the motion was heard and sustained, and the judgment attached to said motion was entered as of date February 6, 1928. A certified copy thereof is attached to and made a part of respondent's answer.

It therefore appears that the existence of the grounds upon which relator seeks the writ of mandamus is explicitly denied by respondent's answers, thus presenting for the determination of this court an issue of fact. It has been uniformly held by our Supreme Court that where the respondent's answer controverts the facts which are made the basis for the issuance of the writ of mandamus the court is without jurisdiction to grant the writ. Teat v. McGaughey, 85 Texas, 478, 22 S. W., 302; Davis v. Terrell, 100 Texas, 291, 99 S. W., 404; Edwards v. Terrell, 100 Texas, 26, 93 S. W., 426; Shell v. Terrell, 100 Texas, 585, 102 S. W., 109.

The petition for the writ of mandamus should be dismissed for want of jurisdiction and we so recommend.

The opinion of the Commission of Appeals is adopted, and the application for mandamus is dismissed.

*C. M. Cureton,* Chief Justice.

Associate Justice Greenwood not sitting.