## STATE, EX REL. LINCOLN LAND CO v. BURRITT

(No. 1975; July 21, 1936; 59 Pac. (2d) 767)

*John C. Pickett* of Cheyenne and *Mothersead & York* of Scottsbluff, Nebraska, for relator.

224

*Ray E. Lee,* Attorney General; *Thos. F. Shea,* Deputy Attorney General, and *Wm. C. Snow,* Assistant Attorney General, all of Cheyenne, for the defendant and *James A. Greenwood* of Cheyenne for The Horse Creek Conservation District.

226

*John C. Pickett* and *Mothersead & York*

KIMBALL, Chief Justice.

This is an action commenced in this court by the State on the relation of Lincoln Land Company, plaintiff, against the State Engineer, defendant, for mandamus to require the defendant to recognize as valid the water right in question in the abandonment proceeding considered in the case of Horse Creek Conservation District, contestant-appellant, v. Lincoln Land Company, contestee-respondent, No. 1983, decided this day.. After the district court had dismissed the abandonment proceeding, and before the contestant's appeal from the order of dismissal had been perfected, the contestee in that proceeding caused the bringing of this mandamus action in which it is alleged that defendant unlawfully denies the existence of relator's water right and refuses to permit the diversion of water thereunder. In setting forth "the circumstances which, in the opinion of the applicant, render it necessary or proper that the writ should issue originally from this court," (see Rule 28, 42 Wyo. 537) it is alleged that "the case involves no disputed question of fact whatsoever."

Defendant has filed an answer in which he alleges, among other things, that relator has no facilities for irrigating the lands subject to irrigation under said water right, and that a delivery of water thereunder would constitute useless and unlawful waste.

Horse Creek Conservation District, named in the petition as a party whose interest will be affected by

the decision of the case (see Rule 28, 42 Wyo. 538), has filed an answer of several pages raising issues which it seems, as alleged, "will require the taking of a substantial volume of evidence."

Plaintiff in reply alleges that the board of control, on April 20, 1934, made an order declaring the abandonment of relator's water right; that the board failed to file a certified copy of its order in the district court within 60 days; that the district court dismissed the proceeding; that thereafter defendant, in denying the validity of said water right, gave as his reason the order of April 20, 1934, and that defendant is estopped from setting up any other ground for refusing to recognize the right.

The action for mandamus will be dismissed. It was evidently brought on the theory that the abandonment proceeding, considered in case No. 1983, was rendered abortive by the board's failure to file in court a copy of its order within 60 days. That this is not so has been decided in the appeal in that case. The board's order declaring the abandonment of the right in question is before the district court for review in the statutory proceeding for that purpose. If the relator desires to assert a right to divert water pending the review of the order of abandonment, he can do so in the district court which is equipped better than this court for the trial of issues of fact. See State ex rel. Walton v. Christmas, 48 Wyo. 239, 44 P. (2d) 905.

*Dismissed.*

BLUME and RINER, J. J., concur.