634 P.2d 1280

Leroy VIGIL, Lorenzo Chavez, Joe
Richard Chavez, Joe Garcia and
Moises Sandoval, Petitioners,

v.

N. Randolph REESE, District Judge, and
Dolores Lujan, Clerk of the District
Court of the First Judicial District, Re-
spondents.

No. 13845.

Supreme Court of New Mexico.

Oct. 22, 1981.

Mark Donatelli, Penitentiary Defense Director, Santa Fe, for petitioners.

Jeff Bingaman, Atty. Gen., Charlotte H. Roosen, Asst. Atty. Gen., Charles Baldonado, Asst. Dist. Atty., Santa Fe, for respondents.

## OPINION

RIORDAN, Justice.

The defendants were indicted for first degree murder. The case was assigned for trial to District Judge Scarborough of the First Judicial District who was disqualified by the State of New Mexico. The case was then assigned for trial to District Judge Felter who was disqualified by petitioner Vigil. Both disqualifications were pursuant to Sections 38–3–9 and 38–3–10, N.M.S.A. 1978. Two days after the disqualification of Judge Felter, the case was "certified" to the Supreme Court by District Judge Kaufman for appointment of a judge to try the case. The Acting Chief Justice of the Supreme Court, Justice Sosa, then designated District Judge Reese of the fifth judicial district to preside over the case pursuant to the authority of the New Mexico Constitution, Art. VI, § 15(B), regarding assignment of judges. The petitioner Sandoval then attempted to disqualify Judge Reese under Sections 38–3–9 and 38–3–10. The court refused to honor the disqualification because he had been designated by the Chief Justice of the Supreme Court to preside over the case.

Petitioners sought a writ of prohibition against Judge Reese to prohibit him from proceeding further, alleging that he was not properly appointed because there was no showing that the public business required it, or in the alternative, because he was disqualified by petitioner. An alternative writ of prohibition was issued, which we now quash as being improvidently granted.

The issues raised in this proceeding are the authority of the chief justice to appoint the respondent district judge pursuant to N.M.Const., Art. VI, § 15(B), and whether the respondent once designated can be disqualified.

The applicable language in Article VI, Section 15(B) reads as follows:

B. Whenever the public business may require, the chief justice of the supreme court shall designate any district judge of the state, or any justice of the supreme court when no district judge may be available within a reasonable time, to hold court in any district. . . .

The only disqualification under the Constitution, N.M.Const., Art. VI, § 18, is very limited and petitioner does not claim that the respondent judge is constitutionally disqualified. Rather, he challenges the manner in which the designation was obtained and claims in the alternative that the respondent may be disqualified pursuant to statute.

Petitioner's assertion that the respondent was improperly designated arises from his assumption that his designation resulted from the application of rule 34(G) of the Rules of the First Judicial District. Rule 34(G) appears to be an attempt by the district court to deal with problems such as de facto severances and other problems brought about by disqualification in a multi-defendant case.[1]

While we have serious reservations as to the validity of Rule 34(G), that issue is not before us. We cannot assume that respondent judge was appointed pursuant to the application of Rule 34(G) merely because

two judges had been disqualified. Rule 34(G) designations are governed by Section 38-3-9. The applicable portion reads:

A. Whenever a party . . . shall make and file an affidavit [of disqualification against either] . . . the resident judge or a judge designated by the resident judge . . . that judge shall proceed no further. Another judge shall be designated . . . upon failure of counsel to agree . . . the chief justice shall designate the judge of some other district to try the cause.

However, even if the respondent were appointed by the chief justice pursuant to this section, he could still not be disqualified because the statute is limited to resident judges or those appointed by resident judges. The legislature has not seen fit to extend the disqualification privilege to allow disqualification of non-resident judges designated under Section 38-3-9.

■ The chief justice has the constitutional duty and authority to designate a judge to try a case *for any reason* when he determines that the public business so requires. *See Holloman v. Lieb*, 17 N.M. 270, 274, 125 P. 601, 602 (1912), where we said;

Again, the Chief Justice has power under this section to designate any District Judge to hold court in any District whenever the public business may require. It is not only when the public business may be too heavy for one Judge to attend to, but whenever, *for any reason*, the public business may require, that the Chief Justice has the power to designate another District Judge to hold court in any district. (Emphasis added.)

---

1. Rule 34(G) reads:

CRIMINAL CASES. In order to secure unto the State and unto each defendant a speedy trial in criminal cases involving multiple defendants, the following rules shall apply in all criminal cases involving multiple defendants that shall be docketed in the District Court of the First Judicial District after the effective date of this rule.

Section 1. An affidavit of disqualification by one defendant shall not effect a de facto severance of defendants, but shall be treated by the disqualified judge as a disqualification with respect to all defendants in the case, and the

entire case thereupon shall be transferred and reassigned to another judge within the district.

Section 2. Whenever two (2) or more judges shall have been disqualified successively and twenty-five (25) days shall have elapsed from the date of arraignment of multiple defendants and there remain defendants in the case who have not exercised their right to disqualify a resident judge within that twenty-five (25) day period, then and upon concurrence of those events, the case shall be certified to the Chief Justice of the Supreme Court of New Mexico in accordance with § 38-3-9, N.M.S.A., for designation of a judge of some other district to try the cause in its entirety.

Petitioner also claims that he is entitled to disqualify the respondent because the designation, in effect, has deprived him of his right of disqualification. He cites no authority for this proposition. There is none. Indeed, the petitioner is entitled to disqualify only resident judges or those sitting at the request of resident judges. *See* § 38–3–9. He could still file a provisional disqualification to protect himself in the event that the chief justice's designation is withdrawn. *See Notargiacomo v. Hickman*, 55 N.M. 465, 235 P.2d 531 (1951).

We quash the alternative writ of prohibition that was previously issued as being improvidently granted.

PAYNE and FEDERICI, JJ., concur.