IN RE EXERCISE OF ORIGINAL JURISDICTION OF SUPREME COURT.

*March 4, 1930.*

124

PER CURIAM. Sec. 3, art. VII, of the constitution provides:

"The supreme court, except in cases otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state; but in no case removed to the supreme court shall a trial by jury be allowed. The supreme court shall have a general superintending control over all inferior courts; it shall have power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and other original and remedial writs, and to hear and determine the same."

This grant of power is supplemented by sec. 251.10, Stats., which provides:

"In addition to the writs mentioned in section 3 of article VII of the constitution the supreme court shall have power

to issue writs of prohibition, *supersedeas, procedendo* and all other writs and process not specially provided by statute which may be necessary to enforce the due administration of right and justice throughout the state; and any justice of said court in vacation shall, on good cause shown, have power to allow writs of error, *supersedeas* and *certiorari,* and also to grant injunctional orders."

It is to be noted that the power conferred both by the constitution and the statute is upon the court. The jurisdiction is not to be exercised save in the cases provided for by sec. 251.10 except upon leave of court first obtained.

There seems to be a misconception on the part of counsel as to the proper method to be employed in invoking the original jurisdiction of this court. The responsibility for this situation must to a considerable extent be shared by the court itself. There has been a wide departure from the former practice in recent years and a situation has arisen which prompted a re-examination of the whole matter, as a result of which the court is of the opinion that this memorandum should be filed for information of counsel.

There appear to be no statutory provisions relating to procedure in the supreme court except those relating to *habeas corpus* (ch. 292), *mandamus,* and prohibition (ch. 293), and contempt proceedings, both civil and criminal (sec. 256.03 and ch. 295).

Counsel seeking to invoke the original jurisdiction of this court should be familiar not only with the constitutional and statutory provisions above referred to but with some of the leading cases, among which are the following:

*State ex rel. Resley v. Farwell,* 3 Pin. 393, is referred to not as authority but for its historical value. In this case the court held that the language of the constitution, by which it is given power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and other original and remedial writs, and to hear and determine the same, con-

ferred no jurisdiction, but merely indicated how jurisdiction otherwise conferred might properly be exercised.

The matter came up again in *Attorney General v. Blossom,* 1 Wis. *317, in which the rule laid down in *State ex rel. Resley v. Farwell* was reversed and it was held that these writs conferred jurisdiction upon the court in addition to that otherwise conferred:

"Because these are the very armor of sovereignty. Because they are designed for the very purpose of protecting the sovereignty and its ordained officers from invasion or intrusion, and also to nerve its arm to protect its citizens in their liberties, and to guard its prerogatives and franchises against usurpation. The convention [constitutional] might well apprehend that it would never do to dissipate and scatter these elements of the state sovereignty among five, ten, twenty, or forty inferior tribunals, and wait their tardy progress through them to the supreme tribunal, upon whose decision must finally depend their efficacy.

"To preserve the liberties of the people, and to secure the rights of its citizens, the state must have the means of protecting itself."

In that case the court was dealing with the writ of *quo warranto,* which was an original writ at common law.

A new phase of the matter was presented in 35 Wis. 425. In that case the attorney general applied to the supreme court by way of information for writs of injunction to restrain the two different carriers from exacting fares or freight in excess of the maximum rates established by ch. 273 of the Laws of 1874. A consideration of this application presented the question of whether or not the court had original equity jurisdiction. At the common law the writ of injunction was not an original writ. It was ancillary in its nature and was not used to bring parties before the court.

Under a very similar provision the supreme court of the state of Michigan has held that the supreme court of that state has no original equity jurisdiction. See *Bank of Michi-*

*gan v. Niles,* Walk. Ch. (Mich.) 398, and *King v. Carpenter,* 37 Mich. 363. It was held in a learned opinion by Mr. Chief Justice RYAN, which has become a landmark in the law, that under the constitutional provisions cited the writ of injunction should be put to prerogative uses only, and so made a *quasi*-prerogative writ. It was further held that equity jurisdiction was conferred upon the supreme court. *Attorney General v. Railroad Cos.* 35 Wis. 425.

In *Attorney General v. Eau Claire,* 37 Wis. 400, the matter was further elaborated and the law was laid down as to what makes a matter *publici juris* in the sense that that term is used in invoking the jurisdiction of this court. Other cases relating to this matter are *State v. St. Croix Boom Corp.* 60 Wis. 565, 19 N. W. 396; *In re Court of Honor of Illinois,* 109 Wis. 625, 85 N. W. 497; *State ex rel. Att'y Gen. v. Cunningham,* 81 Wis. 440, 51 N. W. 724; and *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, 53 N. W. 35.

In the *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, the court again reviewed the cases, classified them, and laid down the rule as to when and under what circumstances original actions might properly be instituted in this court.

With reference to the exercise of the power of supervisory control by this court, see *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081.

Parties desiring to institute an original action in this court should file a petition with the clerk of the court setting out the nature of the action sought to be brought, the reasons why it is *publici juris* within the meaning of the decisions, and if a stay is sought the reasons for the granting of a stay, and such other matters as the court may properly consider in determining whether or not it will grant leave to bring the suit. Thereupon there should be served upon the opposite party a notice, together with a copy of the petition, stating

when and where the petitioner will apply for leave of court to institute the action, which notice should be made returnable on a regular motion day of the court—Tuesday or Friday of the week in which oral arguments are to be heard. If leave be granted, the complaint in the action should then be served upon the opposite party and the case proceed regularly according to the established rules of the court. Proper and appropriate forms for the institution of the action are to be found in Winslow's Forms.

Attention is called to the fact that in cases *publici juris* not involving the sovereignty of the state and not requiring the use of the prerogative writs, the circuit court has concurrent jurisdiction with this court. This court will with the greatest reluctance grant leave for the exercise of its original jurisdiction in all such cases, especially where questions of fact are involved. The circuit court is much better equipped for the trial and disposition of questions of fact than is this court and such cases should be first presented to that court. *State ex rel. Hartung v. Milwaukee,* 102 Wis. 509, 78 N. W. 756, and cases cited.

Hereafter an order to show cause upon the merits will not be granted in the first instance because that amounts to the commencement of the action. In cases of great urgency an order to show cause why leave to commence an action may not be granted may be issued in order to shorten the time, but such order should be applied for and will be granted only in extraordinary cases where the need is great. Parties have a right to be brought into this court in an orderly way in accordance with its established procedure, and should not be hustled into it by an order to show cause except and unless there are cogent reasons and most urgent necessity therefor. Ordinarily, the court or a justice will not grant a stay except upon notice to the opposite party and an opportunity to be heard. Where both parties are desirous of securing a speedy hearing of a matter in this court they may shorten the time

for bringing on the motion for leave to commence the suit, or for pleading and hearing after suit is begun, by stipulation made for that purpose with the approval of the court. Parties may not by stipulation control the action of the court; they may, however, by stipulation submit themselves to the court, which may then act as it may be advised in each case.

We are well aware that, especially in recent years, the practice of instituting actions by an order to show cause upon the merits has prevailed to some extent. This practice was irregular and should not have been indulged in. This memorandum is filed so that counsel may not be misled by any irregularities in prior practice and to indicate that the court will hereafter follow the practice laid down in the cases already cited.

In this connection a suggestion is made that an application for writ of *habeas corpus* be made. In that way the merits of the matter may be presented for the consideration of the court without necessitating the expense and hazard of bringing the defendant from the place of incarceration to the court room. Upon such an application and for the reasons stated the court will consider whatever might be urged upon either side as if the writ had been issued.

The suggestions herein contained are not intended to have the effect of a rule of court, but are merely by way of suggestion and to indicate to those applying in the future the proper method of procedure, the court being of the opinion that former irregularities of practice require us in fairness to counsel to indicate the position of the court with reference to these matters in the future.