STATE EX REL. KOCH, Respondent, vs. RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF MILWAUKEE and others, Appellants.

*May 18—June 15, 1945.*

For the appellants there were briefs by *Walter J. Mattison,* city attorney, and *Clyde E. Sheets* and *Richard F. Maruszewski,* assistant city attorneys, and oral argument by *Mr. Sheets.* *Ronald A. Padway* of Milwaukee, for the respondent.

ROSENBERRY, C. J. The former appeal was from an order sustaining a demurrer, which order was affirmed. Upon the filing of the *remittitur* in the trial court, the petitioner moved the court for leave to file an amended petition. Leave was granted by the trial court and the amended petition was thereupon filed on February 7, 1945, and an amended alternative writ issued. On the 21st day of February, 1945, the defendants moved to quash the amended alternative writ on the ground that the action is barred by the statute of limitations, sec. 330.26, Stats. 1943; that no reason in law is stated in the petition and said petitioner does not show that said Harriet E. Koch is entitled to a writ of *mandamus.* By order dated March 7, 1945, the petitioner was required to show cause why an order should not be entered allowing the defendants to amend the motion to quash the amended writ of *mandamus* by pleading additional sections of the statutes of limitations. The matter came on for hearing on March 16, 1945. The court denied defendants' motion for leave to amend their original motion to quash, without prejudice to the right of

the defendants to set up or plead the statutes of limitation in their return. The court further denied the motion of the defendants to quash the amended alternative writ of *mandamus*.

On the 5th day of April, 1945, the petitioner was ordered to show cause on April 20th, why the time for the filing of a return by defendants should not be extended, and why certain portions of the amended petition should not be stricken. On April 9, 1945, the defendants filed a motion returnable on April 13, 1945, to quash the amended writ of *mandamus* on the ground that the petition does not set forth facts sufficient to constitute a cause of action,—

"more particularly that said petition does not allege that an application for hearing before the Retirement Board of the Policemen's Annuity and Benefit Fund of the city of Milwaukee was ever filed in compliance with chapter 589, of the Laws of 1921."

On April 16th, the several motions of the parties were brought on for hearing and the court ordered, (1) that the motion of the defendants, dated April 5, 1945, in so far as it relates to the striking of portions of plaintiff's amended petition be denied; (2) that in so far as said motion relates to permitting defendants to have an extension of time in which to make return to a time not later than April 23, 1945, it be granted; (3) that upon the return being made, the case should be assigned for trial at 9:30 a. m. of April 24, 1945; and (4) that plaintiff's motion for judgment be held over subject to the further order of the court.

The defendants appeal from the order of March 16, 1945, denying their motion for leave to amend and denying the motion to quash the amended writ. They also appeal from that part of the order dated April 16, 1945, denying defendants' motion to strike portions of plaintiff's amended petition and denying defendants' motion to quash, which motion was dated April 9, 1945.

The order of the trial court denying defendants' motion to strike is not an appealable order, and for that reason the appeal therefrom will not be considered and the appeal from that part of the order will be dismissed.

The trial court denied defendants' motion for leave to amend based upon the statutes of limitations on the ground that it did not appear from the allegations of the complaint when the action was brought.

This order is not a final order inasmuch as the court directed that the facts might be set up in the return. This order does not prevent the defendant from securing such relief as it may be entitled to. The order is not an appealable order and so much of the appeal as relates to this order will be dismissed.

The court properly denied the motion for leave to amend. On the former appeal, the demurrer to the complaint, which was sustained by the trial court and the order of the trial court affirmed by this court, was upheld upon the ground that the petitioner did not come within the narrow calls of the statute in that it did not appear from the facts alleged that the petitioner was a "policeman" within the statutory definition. The allegations of the amended petition are certainly sufficient to admit proof upon the trial of all the facts material to this controversy.

On this appeal the defendants do not argue that the complaint is insufficient because it does not appear that the petitioner is a policeman. The point not being argued, it is not considered.

On this appeal it is argued that the amended petition is insufficient, first, because the respondent failed to file an application with the defendant board; second, that the respondent failed to file proof of disability with the defendant board; third, that respondent has failed to make any contribution to the fund or tender of contributions.

It appears from the allegations of the amended petition that the board had knowledge of the disability because the

respondent was discharged for that reason. It also appears that the plaintiff made demand upon the board, which demand was refused. It does not appear that the refusal was upon the ground that no application had been filed but upon the ground that there was no liability. These allegations are certainly sufficient to admit full proof of all the facts relating to this controversy.

As to the allegation that the respondent has failed to make any contribution to the fund, it was the duty of the proper officers of the city to make the proper deductions. If these deductions were not made, certainly the respondent had no power to make them and she cannot be charged with any default in that regard. This is a matter which may be adjusted upon the trial. The trial court correctly held that the amended petition was not insufficient in the particular respects alleged and therefore properly denied the motion to quash.

It is further urged by the appellants that this court, in the exercise of its superintending control over inferior courts, should order the circuit court to strike certain portions of the amended petition. The defendants have made no application to this court to exercise its original jurisdiction. This court does not exercise its original jurisdiction on appeal, nor is the matter one which comes within the superintending control as exercised by this court. This court does not exercise its jurisdiction of control over inferior courts merely to correct error. See *State ex rel. Fourth Nat. Bank v. Johnson* (1899), 105 Wis. 164, 83 N. W. 320, also *In re Exercise of Original Jurisdiction* (1930), 201 Wis. 123, 229 N. W. 643. It is only in cases of extraordinary hardship, or where the remedy by appeal is not available or is utterly inadequate, or some grave exigency exists, that the court exercises its power of superintending control to review the action of a trial court. *Petition of Pierce-Arrow Motor Car Co.* (1910) 143 Wis. 282, 127 N. W. 998; *State ex rel. Hustisford L., P. & M. Co. v. Grimm* (1932), 208 Wis. 366, 243 N. W. 763. On appeal

from the trial court to this court, this court exercises appellate, not original jurisdiction.

The petitioner made a motion for a review on the ground that after the court had granted the defendants an extension of time in which to answer, the respondents instead of answering took an appeal to this court. It is the contention of the petitioner that by petitioning the court to extend the time to answer, the defendants waived their right to appeal. This contention is not presented by a motion to review. It is not a part of the order appealed from. If there is such a question it should have been raised by a motion to dismiss the appeal.

*By the Court.*—On the appeal from that part of the order denying defendants' motion to strike and from that part of the order denying defendants' motion to amend, the appeal is dismissed. On the appeal from that part of the orders denying the motion to quash, the orders are affirmed.