STATE EX REL. George LEFEBRE, Petitioner,

v.

Gordon A. ABRAHAMSON, Superintendent of Dodge Correctional Institution, Respondent.

Supreme Court

*No. 81–1061–W. Filed June 30, 1981.*
(Also reported in 307 N.W.2d 186.)

For petitioner: George LeFebre, *pro se.*

For respondent: *Edward S. Marion,* assistant attorney general.

On May 29, 1981, George LeFebre, an inmate of the Wisconsin correctional institution at Waupun, made application to a justice of this court for the issuance of a writ of habeas corpus. By order of June 1, 1981, the court certified the petition to district IV of the court of appeals for disposition. On or about June 3, 1981, the petitioner made a motion for relief from the June 1, 1981, order. The motion and accompanying papers were not filed pursuant to sec. (Rule) 809.80, Stats., but were addressed to the same justice to whom the application had been made.

In the motion for reconsideration the petitioner contends that the June 1, 1981, order was contrary to law on the grounds that the application was made to an individual justice, not to the court and that the application was made as an "original action," which the court of appeals has no jurisdiction to entertain. The petitioner apparently takes the position that this court does not have authority to transfer an application for a writ of habeas

corpus made to an individual justice to a lower court and that such application must be heard and determined by this court or by the individual justice to whom the application was made.

We have on several occasions set forth the correct procedure for making application to the court for a writ of habeas corpus. *In re Exercise of Original Jurisdiction,* 201 Wis. 123, 229 N.W. 643 (1930), *State ex rel. Doxtater v. Murphy,* 248 Wis. 593, 22 N.W.2d 685 (1946), *State ex rel. Casper v. Burke,* 7 Wis.2d 673, 97 N.W.2d 703 (1959). In each case we were dealing with a statute, sec. 292.03, which provided that an application for a writ of habeas corpus, except one made by or on behalf of a person sentenced to the state prison, could be made to this court or to the circuit or county court or to any justice or judge of this court, the circuit court or county court or any court commissioner within the county where the prisoner was detained. That statute required every application by or on behalf of a person sentenced to the state prison to be made to this court or to one of its justices and to be made returnable only to this court. Thus, this court had exclusive jurisdiction of a state prisoner's application for a writ of habeas corpus. As to those applications over which our jurisdiction was not exclusive, we customarily declined to exercise it on the grounds that the remedy before the local courts and judges was adequate and that the lower court's order on the application might come before us on review. *See* Fairchild, *Post Conviction Rights and Remedies in Wisconsin,* 1965 Wis. L. Rev. 52.

In the case of a state prisoner's application for a writ of habeas corpus made to this court, the procedure was the following:

"The petition should comply with sec. 292.04(5), Stats., and should pray for an order to show cause why the writ should not be issued. To avoid the necessity to bring the

prisoner before this court, which the issuance of the writ normally would do, an order to show cause will be made upon a proper petition why the writ should not be issued. A return and answer to the order and petition is then made and the matter is heard on these pleadings. If an issue of fact arises it will be referred for determination . . . . Upon the determination of the facts the matter will then be heard and determined as if a writ had been issued and return made thereto and an appropriate order made." *State ex rel. Casper v. Burke, supra,* 678.

This procedure applied to all petitions for. a writ of habeas corpus made to this court, but our announcements of it did not explicitly make it applicable to petitions made to an individual justice. However, because the statute required that a prisoner's petition be made returnable only to the court, it was to be understood that the procedure we set forth would apply whether the application was made to the court or to a justice.

As part of the legislature's extensive revision of criminal procedure in 1969, sec. 292.03, Stats., was repealed and recreated so as to remove the exclusiveness of our jurisdiction over applications for writs of habeas corpus by persons sentenced to state prison. Ch. 255, sec. 44, Laws of 1969. Commencing July 1, 1970, all applications for a writ of habeas corpus could be made to this court or to the circuit or county court or to any justice or judge of this court, the circuit or county court or any court commissioner within the county where the prisoner was detained. That jurisdiction was extended to include the court of appeals by ch. 187, sec. 99, Laws of 1977, and sec. 292.03, was subsequently renumbered to sec. 782.03.

Since the advent of an appellate court in Wisconsin having jurisdiction over applications for a writ of habeas corpus concurrent with our own, we have customarily transferred such applications to the district of the court of appeals in which the applicant resides, and we have

done so whether the application was made to this court or to one of its justices. The question presented by the motion now before us is whether this procedure is appropriate where the application is made to a justice of the court, not to the court itself. We hold that it is.

The Wisconsin constitution, art. VII, sec. 3 (2), authorizes the supreme court to issue all writs necessary in aid of its jurisdiction, but it does not confer that authority on any justice of the court. Prior to its amendment and renumbering to sec. 751.07, Stats., by ch. 187, sec. 76, Laws of 1977, former sec. 251.10, provided individual justices with authority to issue writs under certain circumstances:

"In addition to the writs mentioned in section 3 of article VII of the constitution [which, prior to its amendment in 1977, specified the supreme court's power to issue writs of habeas corpus and to hear and determine them] the supreme court shall have power to issue writs of prohibition, supersedeas, procedendo and all other writs and process not specially provided by statute which may be necessary to enforce the due administration of right and justice throughout the state; and any justice of said court in vacation shall, on good cause shown, have power to allow writs of error, supersedeas and certiorari, and also to grant injunctional orders."

Sec. 751.07, Stats., now provides:

"In addition to the writs mentioned in section 3 of article VII of the constitution the supreme court may issue all writs necessary to enforce the administration of justice. One or more justices may issue writs in accordance with court rules or internal procedures."

Because we have no rules or internal procedures which permit a justice to issue writs, an individual justice of this court does not have the authority to issue a writ of habeas corpus. An application for a writ of habeas cor-

pus made to an individual justice is to be submitted to the court for its determination whether to exercise its jurisdiction or transfer the application to a lower court where an adequate remedy is available.

Because of the changes in appellate procedure brought about by the creation of the court of appeals, it is no longer correct procedure for an order to show cause to issue upon the application for a writ of habeas corpus. Pursuant to secs. (Rules) 809.51(2) and 809.71, Stats., if this court decides to exercise its jurisdiction over the application, it will either deny the petition *ex parte* or order the respondent to file a response, and it may order oral argument on the merits of the petition. If the court elects not to exercise its jurisdiction, it will transfer the application to the court of appeals.

We have taken this opportunity to discuss the proper procedure for a writ of habeas corpus in this court in order to assist counsel and others in the preparation of applications for habeas corpus relief in the future. This is the procedure which was followed in our consideration of the petitioner's application filed on May 29, 1981, and it was pursuant to this procedure that our June 1, 1981 order certifying the petition to the court of appeals for disposition was issued. The motion for reconsideration is denied.