STATE EX REL. Monroe SWAN, Petitioner,

v.

ELECTIONS BOARD, an independent agency of the State of Wisconsin, Gary J.N. Aamodt, in his official capacity as Chairman of the Elections Board, and Kevin Kennedy, in his official capacity as Executive Director of the Elections Board, Respondents-Petitioners.

Supreme Court

*Nos. 84-1344-W, 84-1345-W. Filed October 16, 1986.*

(Also reported in 394 N.W.2d 732.)

■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■

A petition for review and supplemental memorandum was filed by *William H. Wilker*, assistant attorney general, with whom on the petition and memorandum was *Bronson C. La Follette*, attorney general, on behalf of the elections board.

A response to the petition for review was filed by *Mark F. Borns* and *Richard B. Jacobson*, Madison, on behalf of Monroe Swan.

Amicus curiae brief was filed by *David L. Walther*, *Patricia L. Grove* and *Walther & Halling*, Milwaukee.

PER CURIAM. The Elections Board has petitioned for review of a decision of the court of appeals directing it to certify Monroe Swan as a candidate for the Democratic Party nomination for state senator from the 6th senate district at the September 1984 primary election. We have concluded that the court of appeals did not have jurisdiction over this action. So concluding, by order dated August 29, 1984, we have vacated the decision of the court of appeals and dismissed the petition for review. This opinion explains our reasons for that order.

This action was commenced in the court of appeals by Swan utilizing the procedure for commencing original actions in this court. The petition on behalf of Swan described a dispute between Swan and the staff of the Elections Board, which had denied certification of Swan as a candidate entitled to have his name placed on the ballot. The petition asked the court of appeals to exercise original jurisdiction because the matter was *publici juris*. The relief sought was a declaration that sec. 8.30(4), Stats., providing that the name of an unpardoned felon should not be placed on the ballot for state or local office, was unconstitutional. The petition asked that the finding of unconstitutionality be imple-

mented by a writ of mandamus ordering the Elections Board to certify Swan, who had been convicted of two federal felonies and had served his sentence, as a candidate for state senator from the 6th senate district.

After the petition for original jurisdiction had been filed in the court of appeals, but before it had been ruled on, Swan petitioned this court for bypass of the court of appeals. Bypass was denied. The court of appeals then reached its decision purporting to exercise original jurisdiction and finding sec. 8.30(4), Stats., unconstitutional because it prescribed qualifications for the office of state senator in addition to those prescribed by the constitution. It also exercised its discretion to grant relief by mandamus. One judge of the court of appeals dissented from the decision to grant mandamus, but agreed with the decision on other issues.

When the board's petition for review of the decision of the court of appeals was filed, we raised *sua sponte* the question whether the court of appeals had jurisdiction of an original action and ordered the parties to brief the point. Our order of August 20, 1984, noted that the court of appeals had not been granted supervisory jurisdiction over the Elections Board and had not been granted direct appellate jurisdiction over the decisions of the board.

The parties briefed the jurisdictional issue pursuant to our order, and a brief *amicus curiae* was filed. The parties and the *amicus curiae* argued that the court of appeals had jurisdiction over this action. We are not persuaded.

Art. VII, sec. 5(3) of the Wisconsin Constitution provides as follows:

"The appeals court shall have such appellate jurisdiction in the district, including jurisdiction to

review administrative proceedings, as the legislature may provide by law, but shall have no original jurisdiction other than by prerogative writ. The appeals court may issue all writs necessary in aid of its jurisdiction and shall have supervisory authority over all actions and proceedings in the courts in the district."

This provision grants the court of appeals supervisory jurisdiction over actions and proceedings in the circuit courts. It does not grant supervisory jurisdiction over matters pending before administrative bodies. In fact, the court of appeals has held in a well reasoned opinion that it has no supervisory jurisdiction over the chief judge of a judicial administrative district acting in his administrative capacity. *State ex rel. Gilboy v. Circuit Court for Waukesha County,* 119 Wis. 2d 27, 349 N.W. 2d 712 (Ct. App. 1984).

Art. VII, sec. 5(3) permits the legislature to grant appellate jurisdiction to the court of appeals, including jurisdiction to review the decisions of administrative agencies. The legislature, however, has granted the court of appeals appellate jurisdiction only over the judgments and orders of circuit courts, sec. 808.03, Stats. Jurisdiction over an action to review the decision of an administrative agency is granted to the circuit court, sec. 227.16(1)(a), appeal from the final judgment of that court being to the court of appeals, sec. 227.21.

The question is whether art. VII, sec. 5(3) grants the court of appeals power to issue an original prerogative writ in cases where there is no basis for exercising its supervisory or appellate powers. Prior to the creation of the court of appeals this court recognized two uses of the prerogative writs. One use was to exercise superintending control or to facilitate appellate review. The other was to exercise original jurisdiction in cases rais-

ing questions *publici juris*. At one time the decided cases suggested that the circuit courts, which also had power to issue prerogative writs, did not have authority to use them as the vehicle for raising questions *publici juris*. However, in *Petition of Heil*, 230 Wis. 428, 284 N.W. 42 (1939), it was held that the jurisdiction of the circuit courts in such matters was concurrent with the supreme court, subject to exclusion if this court exercised its power to hear original actions.

The reference to prerogative writs in art. VII, sec. 5(3) is ambiguous. It might be taken to mean a pleading initiating an action to determine a question *publici juris*. That is how the parties and *amicus curiae* would have us construe it. It might also be taken to mean an application for relief by one of the traditional writs when supervisory or appellate jurisdiction exists and there is no other adequate remedy. That is how we construe it.

Being ambiguous, the language of art. VII, sec. 5(3) must be construed in the light of other constitutional provisions and the purpose behind creation of the court of appeals. Under the court reorganization plan of the constitutional revision in 1977, there are two levels of court with original jurisdiction. In addition to having appellate jurisdiction over all courts, the supreme court "may hear original actions and proceedings." Art. VII, sec. 3(2). Except as otherwise provided by law, the circuit courts have original jurisdiction in all civil and criminal matters. Art. VII, sec. 8. The court of appeals has appellate jurisdiction as provided by law, "but shall have *no* original jurisdiction other than by prerogative writ." (Emphasis supplied.) Art. VII, sec. 5(3). When the constitution grants original jurisdiction to the supreme

court and the circuit courts, it does so not hedged about with the qualifications that are found in the constitution with respect to the court of appeals.

It is significant that the constitutional grant of power to the court of appeals is phrased differently than the grant to the supreme court. The supreme court's jurisdiction is clearly plenary, while the grant to the court of appeals is on its face something less: "The appeals court...shall have no original jurisdiction other than by prerogative writ." This limitation is reflected in sec. 752.01(2), Stats., which provides, "The court of appeals has original jurisdiction *only* to issue prerogative writs." (Emphasis supplied.)

It should also be noted that the jurisdictional section, art. VII, sec. 5(3), of the constitution, by limiting the exercise of original jurisdiction to a prerogative writ, specifically precludes the possibility of bringing an original action in the court of appeals by declaratory judgment, the usual method of commencing an original action in this court or in the circuit court. There could hardly be stronger evidence that the original action jurisdiction of the court of appeals is very different from that of this court or of the circuit court.

Looking to our constitutional structure, it is apparent the supreme court is intended to have a different function from that of the court of appeals. The court of appeals is intended to be a high-volume, error-correcting court, having a close relationship to the circuit courts in respect to the superintending control of circuit court functions. On the other hand, this court, under our constitutional structure, is intended to make final determinations affecting state law, to supervise the development of the common law, and to assure uniformity of precedent throughout the state. The supreme

court is primarily concerned with the institutional functions of our judicial system, while the court of appeals is charged primarily with error correcting in the individual case. Throughout our constitutional scheme, there is revealed the pattern that decisions of the court of appeals are provisional only and are subject to review by the supreme court.[1] Matters which are *publici juris* are matters which by definition are assumed to be of paramount importance. It is thus only logical, under our constitutional scheme, that questions *publici juris* must be brought here unless a party is content to exercise the only constitutional alternative—the bringing of an action in the circuit court and then pursuing a time-consuming course of appeal and ultimate review in this court.

It is also significant that Robert J. Martineau, reporter for the Judicial Council's Committee on Appellate Practice and Procedure, and Richard R. Malmgren, executive director of the Judicial Council, both of whom were instrumental in the drafting of the 1977 constitutional revisions of the court system which established the court of appeals, wrote, in respect to the effect of art. VII, sec. 5(3) of the constitution:

> "The distinction between the original jurisdiction to issue prerogative writs and supervisory jurisdiction is susceptible of being interpreted to mean that the Court of Appeals, like the Supreme Court under prior constitutional provisions, has two types of jurisdiction, original jurisdiction and supervisory jurisdiction. The difference between the two in the

---

[1] *See* Wis. Const. art. VII, sec. 3, and secs. 808.10, and 809.62, Stats., concerning review of court of appeals' decisions. Unpublished opinions of the court of appeals are without precedential value, sec. 809.23, Stats.

Supreme Court was set out in Petition of Heil, 230 Wis. 428, 284 N.W. 42 (1939). This opinion makes it clear that the power of the Supreme Court to take original jurisdiction of a case is unique because of its position as the state's highest tribunal. The same is obviously not true of the Court of Appeals and thus the reference to the power in the Court of Appeals to issue prerogative writs should not be construed to mean it can take original jurisdiction of cases which are publici juris.

"What then is the non-appellate jurisdiction of the Court of Appeals? Is it only supervisory? If so, is the grant of power to issue prerogative writs redundant? One obvious reason for referring to the prerogative writs is to insure that the Court of Appeals can utilize the writs to enforce the Court's supervisory jurisdiction. The prerogative writs can also be used to test the legality of an action by a lower court by addressing the writ to the person or body which is carrying out the order of the lower court. Examples of this are the writ of habeas corpus addressed to a sheriff in custody of the petitioner to test the legality of his confinement under an order of a court, or the writ of prohibition, mandamus, or injunction to test the legality of a trial court order directing a public official or body to do or not to do some act. The action in the Court of Appeals is original in that it is not an appeal from the lower court order, but it is not original in the sense of the original jurisdiction of the Supreme Court . . . ." Martineau & Malmgren, *Wisconsin Appellate Practice*, p. 18 (1978).

The foregoing considerations persuade us that the court of appeals is a court of limited, rather than general, writ jurisdiction. The references in the constitution to appellate and supervisory jurisdiction limit and define the power of the court of appeals to issue prerog-

ative writs. The issuance of a prerogative writ by the court of appeals is an exercise of original jurisdiction. However, it is not an exercise of jurisdiction independent of the court's appellate and supervisory powers. The court of appeals has power to decide questions *publici juris* which are brought to it by appeal or which it considers under its supervisory jurisdiction. It does not have power to issue a prerogative writ based solely on the importance of the question presented without any other jurisdictional underpinning.

Our decision does not conflict with sec. (rule) 809.51(1), Stats., which states that a petition may be filed requesting the court of appeals to exercise its supervisory jurisdiction or its original jurisdiction to issue a prerogative writ over a court and presiding judge or other person or body. The words, "or its original jurisdiction to issue a prerogative writ," were added by supreme court order effective January 1, 1982. 104 Wis. 2d xi. This amendment was requested by the Judicial Council. Its note states in part, "Rule 809.51 governs the procedures for seeking a petition for supervisory writ or original jurisdiction prerogative writ in the court of appeals."

As we construe the amendment to sec. (rule) 809.51(1), Stats., it does not recognize a question *publici juris* as an independent ground for exercising original jurisdiction. It merely makes clear that, where grounds for exercising original jurisdiction exist, a prerogative writ can be used to exercise that jurisdiction. It should be remembered that a writ brought in any appellate court for the purpose of exercising superintending or supervisory powers is an original action, *i.e.*, a new action designed to affect or control the litigants or the court in respect to a matter then at issue or subject to

the action of a lower court. Such original action is, however, not brought to decide with finality a matter *publici juris*.

We conclude that the court of appeals does not have jurisdiction to entertain an original action unrelated to its supervisory or appellate authority over the circuit court. Original jurisdiction in the sense intended by the petition of Monroe Swan for the determination *ab initio* of a matter *publici juris* under the constitution lies only in the circuit court or in this court.

By order of this court on August 29, 1984, the decision of the court of appeals has been vacated and the petition for review has been dismissed.

WILLIAM A. BABLITCH, J., took no part.

SHIRLEY S. ABRAHAMSON, J. *(dissenting).* This opinion explains my reasons for dissenting to the order filed on August 29, 1984.

The order answers only the question of "whether art. VII, sec. 5(3) [of the Wisconsin Constitution] grants the court of appeals power to issue an original prerogative writ in cases where there is no basis for exercising its supervisory or appellate powers." (majority opinion at page 91)[1] The parties in this case, the amicus curiae, and the court of appeals all agree that the Wisconsin Constitution grants the court of appeals not simply supervisory and appellate jurisdiction but also original jurisdiction to issue supervisory writs. The

---

[1] At this stage of the proceeding, the case does not involve the question of who should have been on the ballot at the September 1984 primary election for state senator from the 6th senate district. Nor does the case involve the issue of the constitutionality of sec. 8.30 (4), Stats.

97

majority concludes that "the court of appeals does not have jurisdiction to entertain an original action unrelated to its supervisory or appellate authority over the circuit court." Page 97. See also p. 92. I dissent.

I am persuaded that the majority has erroneously interpreted the Wisconsin Constitution. Furthermore, I believe that by eliminating the court of appeals' original jurisdiction, the majority unnecessarily curtails the public's access to the courts, increases the costs of litigation, and contributes to court delay.

## I.

Art. VII, sec. 5(3)[2] provides the court of appeals with three types of jurisdiction:

1. "appellate jurisdiction in the district, including jurisdiction to review administrative proceedings as the legislature may provide by law";

2. "no original jurisdiction other than by prerogative writ";

3. "supervisory authority over all actions and proceedings in the courts of the district."

The constitution further provides that "the appeals court may issue all writs necessary in aid of its jurisdiction." Thus the constitution empowers the court of appeals to issue all writs, including prerogative writs, in aid of its appellate and supervisory jurisdiction, and to

---

[2] Art. VII, sec. 5 (3) provides as follows:

"The appeals court shall have such appellate jurisdiction in the district, including jurisdiction to review administrative proceedings, as the legislature may provide by law, but shall have no original jurisdiction other than by prerogative writ. The appeals court may issue all writs necessary in aid of its jurisdiction and shall have supervisory authority over all actions and proceedings in the courts in the district."

issue all writs in exercise of its original jurisdiction by prerogative writ.

An obvious, reasonable reading of the constitution is that the court of appeals has prerogative writ original jurisdiction in addition to its appellate and supervisory jurisdiction. The court of appeals has so interpreted its own jurisdiction. *See State ex rel. McCaffrey v. Shanks*, 124 Wis. 2d 216, 219, 369 N.W. 2d 216 (Ct. App. 1984). Had the legislature and people intended to curtail the prerogative writs to the court of appeals' appellate or supervisory jurisdiction, as the majority concludes, they could have expressly said so.[3]

The majority, however, characterizes sec. 5(3) as ambiguous. Nevertheless, the majority does not follow the traditional rules used to interpret an ambiguous statute. For example, the majority does not search the legislative history to determine the drafters' intent. I conclude that the majority's interpretation is not consistent with the legislative history of the constitutional provision.[4]

---

[3] A few state constitutions expressly limit prerogative writs to the appellate court's appellate or supervisory jurisdiction. *See, e.g.,* Ala. Const. art. VI, sec. 140; Ark. Const. art. 7 sec. 4; N.M. Const., art. VI, sec. 29. Most states with intermediate courts have not so limited the court's jurisdiction. Osthus, *Intermediate Appellate Courts*, p. 8 (1976).

[4] For the drafting history of the constitutional provision, see Citizens Study Committee on Judicial Organization, Report p. 81 (1973); Special Committee on Court Reorganization, Working Document # 1, "Policy Issues to Be Resolved Regarding a Court of Appeals," Working Document # 1, "Jurisdiction of the Intermediate Court of Appeals," Memo No. 8, "List of Substantive Motions." These materials are available at the Wisconsin Legislative Council, State Capitol, Madison, Wis.

A cardinal rule of interpretation of ambiguous statutes ignored by the majority is that an interpretation which gives meaning to a phrase is favored over one which renders the phrase superfluous. By curtailing the court of appeals' use of prerogative writs to its supervisory or appellate authority over actions and proceedings in circuit court, the majority renders the constitutional phrase "the appeals court . . . shall have no original jurisdiction other than by prerogative writ" surplusage.

The majority takes pains to point out that the grant of original jurisdiction to the court of appeals is "hedged about with qualifications" not found in the grant of original jurisdiction to the circuit courts and the supreme court. At p. 93. Subsequently, the majority points out that the original jurisdiction of the court of appeals is "something less" than that of the supreme court. At p. 93. That the court of appeals' original jurisdiction is more limited than the supreme court's, however, does not justify the majority's eliminating that original jurisdiction.

The majority's interpretation stems, I believe, from a false premise: that original jurisdiction by prerogative writ, when not used to exercise appellate or supervisory authority, is coextensive with *publici juris* original jurisdiction. See majority opinion at pages 92–94, 96 and 97. Arguing from this premise and the premise that jurisdiction over matters of *publici juris* are reserved to the supreme court and the circuit courts, the majority concludes that the court of appeals has no original jurisdiction apart from appellate and supervisory powers. This analysis ignores the history of this court's interpretation of the Wisconsin constitutional grant of original

100

jurisdiction by prerogative writ.[5] Historically this court has interpreted the constitutional grant of original jurisdiction by prerogative writ as separate from an appellate court's superintending and appellate powers and as limited to the "field of prerogative jurisdiction," a jurisdiction that does not encompass all cases raising questions *publici juris. Petition of Heil,* 230 Wis. 428, 440–441, 443, 284 N.W. 42 (1939).

Prior to the creation of the court of appeals in the 1978 constitutional amendments, the state constitution empowered the supreme court "to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same."[6] The supreme court interpreted this constitutional provision as granting this court original jurisdiction distinct from the constitutional grants of appellate and superintending jurisdiction. The court said of the writs, "Being original in their character, and jurisdiction of them being given fully and amply, nega-

---

[5] For the court's analysis of the expansion of its original jurisdiction beyond the prerogative writs to include cases raising questions of *publici juris, see Petition of Heil,* 230 Wis. 428, 284 N.W. 42 (1934); *In re Exercise of Original Jurisdiction,* 201 Wis. 123, 229 N.W. 643 (1930); *Attorney General v. Railroad Cases,* 35 Wis. 425 (1875). Part of this history is set forth in Justice Wickhem's article *The Power of Superintending Control of the Wisconsin Supreme Court,* 1941 Wis. L. Rev. 153.

[6] Art. VII, sec. 3 provided:

"The supreme court, except in cases otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state.... The supreme court shall have a general superintending control over all inferior courts; it shall have the power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same."

tive or restrictive words are necessary to limit their use to the objects and purposes of appellate jurisdiction, and especially is this so, because the writs are not, with perhaps one exception, adapted by their nature and character to the purposes of appellate jurisdiction." *Attorney General v. Blossom*, 1 Wis. 277, 287 (1853). The supreme court concluded that the purpose of the prerogative writ jurisdiction was not "to superintend or control inferior courts, but to protect and guard the franchises of the people, to shield their offices from invasion or usurpation, the state sovereignty from violation and its prerogatives from invasion." *Attorney General v. Blossom*, 1 Wis. 277, 285 (1853). The original jurisdiction of the supreme court was thus limited not merely to prerogative writs but to prerogative causes.

Whereas the court in *Blossom* found a grant of original jurisdiction implicit in the power to issue prerogative writs, the majority in this case finds an explicit grant of original jurisdiction to issue prerogative writs insufficient to vest the court of appeals with the authority to issue prerogative writs where it has no basis for exercising its supervisory or appellate powers. The majority reaches this result without finding the "negative or restrictive words" which the *Blossom* court thought necessary to limit the use of prerogative writs to appellate jurisdiction.

After *Blossom* the supreme court in a series of cases expanded its original jurisdiction beyond the prerogative jurisdiction described in *Blossom* to include important questions affecting the people at large for which the relief available in the circuit court was inadequate, even if such *publici juris* cases did not qualify as prerogative cases. Professor Martineau and Attorney Malmgren may have in mind this historical distinction between

prerogative original jurisdiction and *publici juris* original jurisdiction when they conclude, unlike the majority, that "the Court of Appeals has supervisory jurisdiction over all actions and proceedings in all inferior courts and has original jurisdiction to issue prerogative writs. Under these two grants of jurisdiction, the Court of Appeals can exercise control over any action or proceeding in any court or before any administrative agency or public official or body to protect the petitioner's legal rights." Martineau and Malmgren, *Wisconsin Appellate Practice*, sec. 2902, p. 200 (1978). *See also* Martineau, *Modern Appellate Practice: Federal and State Civil Appeals*, sec. 19.6, p. 290 (1983).[7] In other words, art. VII, sec. 5(3) of the Wisconsin Constitution vests in the court of appeals prerogative writ original jurisdiction, not the expansive declaratory judgment *publici juris* original jurisdiction claimed by the supreme court under the former constitution and granted to the supreme court by the 1978 revised article VII of the constitution.[8]

This case involving the constitutionality of a law relating to public officers comes within the traditional prerogative original jurisdiction. *See State ex rel. Rinder v. Goff*, 129 Wis. 668, 109 N.W. 628 (1906).

My final reason for concluding that the majority has erroneously interpreted art. VII, sec. 5(3) is that the majority's curtailing the court of appeals' use of prerogative writs to its appellate and supervisory jurisdiction

---

[7] *See also* Martineau & Malmgren, *Wisconsin Appellate Practice*, p. 18 (1978).

[8] "The limitation of original jurisdiction to issuing prerogative writs appears to prohibit the court of appeals from exercising a power like the supreme court's power to consider a case solely because it is of great public interest." Walther, Grove, & Heffernan, *Appellate Practice and Procedure in Wisconsin*, sec. 2.3 (1986).

contravenes a prior decision of this court and orders of this court, chapter 782 of the statutes, and the Martineau/Malmgren interpretation of art. VII, sec. 5(3) upon which the majority relies.

In *State ex rel. LeFebre v. Abrahamson*, 103 Wis. 2d 197, 307 N.W.2d 186 (1981), over the objections of a prisoner who contended that the court of appeals had no jurisdiction to entertain an original action by application for habeas corpus, this court certified the prisoner's application to the court of appeals. The supreme court concluded that the court of appeals has concurrent jurisdiction with the supreme court over applications for a writ of habeas corpus. This court has certified numerous applications for writs to the court of appeals in reliance on the *LeFebre* case.

The majority opinion is inconsistent with the *LeFebre* opinion. The majority now says that the court of appeals does not have concurrent jurisdiction with the supreme court to entertain applications for habeas corpus. The court of appeals has no jurisdiction to issue an original prerogative writ in cases where there are no proceedings pending in the circuit court, because in such cases there is no basis for its exercising supervisory or appellate authority over a circuit court. See majority opinion at pages 92, 96. Unfortunately, the majority opinion does not attempt to clarify the confusion it has caused regarding the continuing validity of *LeFebre*. The majority opinion also casts doubt on our decision in *binRilla v. Israel*, 113 Wis. 2d 514, 523, 335 N.W.2d 384 (1983), which recognizes the court of appeals' original jurisdiction and sets forth standards for its exercise.

Chapter 782, Stats. 1979, relating to habeas corpus was adopted contemporaneously with the constitutional amendment creating the court of appeals. Thus chapter

782 is a clue to the intent of the legislature in adopting art. VII, sec. 5(3). Chapter 782 grants the circuit court, the court of appeals, and the supreme court concurrent jurisdiction in hearing applications for habeas corpus. The majority opinion casts doubt on the constitutionality of several provisions of chapter 782.

Furthermore, the majority's interpretation is inconsistent with the views of Martineau and Malmgren, *Wisconsin Appellate Practice*, p. 18 (1978), whom the majority quotes in part at pp. 94, 95, but whose interpretation of sec. 5(3) the majority does not adopt. Unlike the majority, these authors conclude that the court of appeals' original jurisdiction by prerogative writ is not limited to the court of appeals' appellate or supervisory jurisdiction.[9] The authors conclude that the court of appeals could test the legality of a circuit court's order of confinement by a writ of habeas corpus even though the court of appeals has no appellate or supervisory jurisdiction over any proceedings then pending in the circuit court. The authors assert that because supervisory authority is addressed only to pending actions and proceedings of courts, writs addressed to nonjudicial bodies such as administrative agencies or a sheriff's office are prerogative writs based on original rather than supervisory or appellate jurisdiction. Thus Martineau and Malmgren, unlike the majority, do not

---

[9] The majority opinion, at p. 95, omits the last 19 words of the paragraph. The last sentence reads in full as follows: "The action in the Court of Appeals is original in that it is not an appeal from the lower court order, but it is not original in the sense of the original jurisdiction of the Supreme Court, *nor is it supervisory in that it is not exercised over an action or proceeding in a trial court.*" (Emphasis added to the omitted words.)

treat the original jurisdiction of the court of appeals as surplusage.[10]

For the reasons set forth, I conclude that the court of appeals had original jurisdiction by prerogative writ in this case. Because the majority has curtailed the use of prerogative writs by the court of appeals to its appellate and supervisory jurisdiction, the majority opinion will unnecessarily spawn numerous cases exploring the boundaries of the court of appeals' "supervisory jurisdiction," a concept less easily defined and more open textured than "appellate jurisdiction." *See* Wickhem, *The Power of Superintending Control of the Wisconsin Supreme Court*, 1941 Wis. L. Rev. 153. I would interpret the original jurisdiction of the court of appeals broadly to avoid making the original jurisdiction of the court of appeals an issue for extensive litigation and to avoid making this jurisdictional issue a trap for litigants and their lawyers.

## II.

Finally, I cannot join the majority opinion because it tends to foster delay and cause litigants additional expense.

While the majority allows litigants in cases like this one to have their case heard once by a single court, namely the supreme court, by their requesting the supreme court to take original jurisdiction, the litigants have no assurance that the supreme court, which has totally discretionary jurisdiction, will agree to take the case. In this instance, the supreme court refused to take the case on a petition to bypass or on a petition for

---

[10] Stern, *Appellate Practice in the United States*, pp. 14-15 (1981), makes the same point.

original jurisdiction. Nevertheless the majority prohibits the court of appeals from hearing the case and forces the parties to litigate this case—in which time was of the essence—first in the circuit court and then on appeal to the court of appeals.

The majority supports its narrow interpretation of the court of appeals' jurisdiction by implying that its interpretation preserves the institutional functions of the supreme court and court of appeals thereby promoting the public interest. At pp. 93–94. I believe that the majority's concern that granting the court of appeals' original jurisdiction by prerogative writ impinges on this court's role in the development of the law is groundless.

Under sec. 5(3) (as interpreted by the majority opinion) and under the pre-1978 constitution, this court shares its original jurisdiction with the circuit courts. The supreme court's original jurisdiction becomes exclusive only when the supreme court agrees to take jurisdiction of the case. "In this sense the jurisdiction of the [supreme] court is exclusive, although it would seem to be better described as excluding rather than exclusive." *Petition of Heil*, 230 Wis. 428, 445, 284 N.W. 42 (1939). If the constitution were interpreted to allow the court of appeals to exercise its original jurisdiction by prerogative writ and this court wished to hear the case, this court could *sua sponte* take the case from the court of appeals, irrespective of any motion or petition of the parties. The institutional function of the supreme court is no more impaired when the court of appeals has original jurisdiction by prerogative writ than when the circuit court has original jurisdiction by prerogative writ.

Nor is the institutional role of the court of appeals changed by granting the court of appeals original jurisdiction by prerogative writ. The circuit court, not the

court of appeals, remains the primary court of original jurisdiction. The court of appeals remains the primary error correcting court. The court of appeals role in law development remains unchanged. As the majority recognizes, although in theory the court of appeals is primarily an error correcting court, the court of appeals in theory and in practice is also significantly involved in law development as it adapts the common law and interprets the statutes and federal and state constitutions in the cases it decides.[11] Indeed the published decisions of the court of appeals are binding precedent in all courts, including the supreme court. Under the three-tier system—one level trial court and a two-tier appellate process—the supreme court has the *ultimate* responsibility for development of the law, not the *exclusive* responsibility.

Interpreting the constitution as granting the court of appeals original jurisdiction by prerogative writ would not infringe on the institutional functions of this court, the court of appeals or the circuit courts but would relieve the circuit courts of the burden of hearing certain cases and would reduce the amount of money and time that some litigants must spend on resolving their disputes in the judicial system.

I conclude that it serves the public interest in avoiding delay and expense to permit the court of appeals to accept jurisdiction over this case and to allow this case (and similar ones) to be heard first in the court of appeals. This case involves a prerogative writ and a prerogative cause; an election was scheduled, time was of the essence, and an appeal from any circuit court

---

[11] For an excellent discussion of the institutional role of courts of appeal, *see* Hopkins, *The Role of an Intermediate Appellate Court,* 41 Bklyn. L. Rev. 459 (1975).

decision was likely; the case raised a question of constitutional law, no facts were in issue, and on appeal the court of appeals would decide the constitutional question without deference to the circuit court's decision; the court of appeals determined that this case fell within its prerogative writ original jurisdiction.

For the reasons set forth, I dissent from the majority opinion which eliminates the original jurisdiction of the court of appeals by curtailing the use of prerogative writs to the supervisory and appellate jurisdiction of the court of appeals.