STATE of Wisconsin EX REL.
JOURNAL/SENTINEL, INC., and James E.
Gribble, Petitioners,

v.

Hon. David V. JENNINGS, Jr., Hon. Robert J.
Miech, The Archdiocese of Milwaukee,
Archbishop Rembert J. Weakland, Mother of
Good Counsel Congregation, Society of the
Divine Savior, Fr. Dennis Pecore, Fr. Barry
Griffin, Peter Schuesler, Brothers of the
Christian Schools and Affiliates, Aetna
Casualty Insurance Company, Centennial
Insurance Co., Underwriters of Lloyd's of
London, Christian Brothers Risk Management
Pool, and Gregory R. Bernau, by his Guardian
ad Litem, D. Michael Guerin, Respondents.†

Supreme Court

*No. 87–2086–W. Filed November 25, 1987.*

(Also reported in 415 N.W.2d 519.)

---

† Petition for reconsideration denied.

---

There was a petition by *Robert A. Christensen, David M. Lucey* and *Foley . & Lardner,* Milwaukee.

PER CURIAM. *Petition for supervisory writ; matter remanded to Court of Appeals.*

This is a petition seeking a supervisory writ of mandamus ordering the respondent circuit court judges to permit the petitioners to inspect a minor settlement approved by the circuit court for Milwaukee county in an action and which the court ordered sealed. The petitioners first filed a petition for supervisory writ in the court of appeals, as required by sec. (Rule) 809.71, Stats. The court of appeals denied that petition for a writ of mandamus on the ground that it presented an issue *publici juris,* which, pursuant to this court's holding in *State ex rel. Swan v. Elections Board,* 133 Wis. 2d 87, 394 N.W.2d 732 (1986), the court of appeals does not have original jurisdiction to entertain.

Because we determine that the court of appeals erred in concluding that it lacked jurisdiction to consider the supervisory writ petition because of the *publici juris* nature of the issue it presented, we remand the matter to the court of appeals for further proceedings.

The Wisconsin Constitution grants the court of appeals "supervisory authority over all actions and

proceedings in the courts in the district." Art. VII, Sec. 5(3). Reflecting that constitutional authority, sec. 752.02, Stats., provides, "The court of appeals has supervisory authority over all actions and proceedings in all courts except the supreme court." The matter presented by this petition arguably comes within the supervisory jurisdiction of the court of appeals, as the issue of the petitioners' right to inspect the court-approved settlement and supporting documents of record arose in the context of an action in the circuit court, the record of which remains under the control of that court.

Assuming, *arguendo,* the petition presents an issue *publici juris,* that is, one of statewide concern, that in no way affects the supervisory jurisdiction of the court of appeals to decide the issue. It appears the court of appeals mistakenly concluded from our decision in *Swan, supra,* holding that the court of appeals does not have *original jurisdiction* to entertain questions *publici juris* that it also lacks jurisdiction to decide issues *publici juris* presented in matters within its supervisory jurisdiction. Yet, we clearly stated to the contrary: "The court of appeals has power to decide questions *publici juris* which are brought to it by appeal or which it considers under its supervisory jurisdiction." *Swan, supra,* 96.

The petition filed in the court of appeals did not seek to commence an original action for determination of an issue *publici juris,* as did *Swan,* which sought a declaration that a statute was unconstitutional. The petitioners here sought to invoke the court of appeals' supervisory jurisdiction over the circuit court to compel judges of that court to permit inspection of a minor settlement approved and on file in an action in that court. While the petitioners and respon-

dents had argued to the court of appeals the issue whether the petitioners could properly invoke that court's supervisory jurisdiction, the court of appeals did not address that issue in its order denying the petition. If properly invoked, that supervisory jurisdiction would empower the court of appeals to decide the issues presented, whether or not *publici juris.*

Accordingly, we remand this matter to the court of appeals for further proceedings.