**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 15, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2024AP2395**

**STATE OF WISCONSIN**

Cir. Ct. No. 2024SC703

**IN COURT OF APPEALS
DISTRICT II**

DUSTI M. MILLER,

　　PLAINTIFF-RESPONDENT,

　V.

CRAIG A. SCHOENBECK,

　　DEFENDANT-APPELLANT.

　　　　APPEAL from a judgment of the circuit court for Walworth County: DANIEL S. JOHNSON, Judge. *Affirmed.*

　　¶1　　GUNDRUM, J.[1]　Craig A. Schoenbeck, pro se, appeals from a judgment entered by the circuit court in favor of Dusti M. Miller. For the following reasons, we affirm.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

## BACKGROUND

¶2      Miller and Schoenbeck lived together from January 2021 to May 2024.  They were initially in a relationship together but continued to live together for some time after the relationship ended.  In connection with their time living together, financial burdens became intertwined between the two.

¶3      Miller filed suit against Schoenbeck in small claims court alleging Schoenbeck failed to pay his fair share of those financial burdens.  Schoenbeck counterclaimed, claiming amounts that Miller owed him.  A trial to the circuit court was held in which Miller, Schoenbeck and Schoenbeck's mother testified and numerous exhibits were admitted.  After considering the evidence presented, the court found Miller more credible, in part because she had done a better job of "keeping accurate and detailed records."  After considering "offsets" for what Miller owed Schoenbeck, the court ultimately found Schoenbeck liable to Miller in the amount of $9,622.01, and after including filing fees and other costs, entered a judgment against Schoenbeck in the amount of $9,751.51.  It is from this judgment that Schoenbeck appeals.

## DISCUSSION

¶4      When a matter is tried to the circuit court, as in this case, "'the weight of the testimony and the credibility of the witnesses are matters peculiarly within the province of the [circuit] court acting as the trier of fact' because the … court has a superior opportunity 'to observe the demeanor of witnesses and to gauge the persuasiveness of their testimony.'"  *Tang v. C.A.R.S. Prot. Plus, Inc.*, 2007 WI App 134, ¶19, 301 Wis. 2d 752, 734 N.W.2d 169 (citation omitted).  Thus, we will not set aside a court's findings of fact unless they are clearly erroneous.  WIS. STAT. § 805.17(2).  A court's findings of fact are clearly

erroneous when they are "against the great weight and clear preponderance of the evidence." ***Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530. "Under the clearly erroneous standard, 'even though the evidence would permit a contrary finding, findings of fact will be affirmed on appeal as long as the evidence would permit a reasonable person to make the same finding.'" ***Id.*** (citation omitted). Thus, we will sustain a court's findings "if they do not go 'against the great weight and clear preponderance of the evidence.'" ***Phelps v. Physicians Ins. Co. of Wis., Inc.***, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted).

¶5    Schoenbeck attempts to relitigate this case to this appellate court as if we were the circuit court. An appeal to this court does not present an opportunity for a new trial, but an opportunity to correct errors, particularly errors made by the circuit court. Our "primary function is error correcting," ***Cook v. Cook***, 208 Wis. 2d 166, 188, 560 N.W.2d 246 (1997); ***State ex rel. Swan v. Elections Bd.***, 133 Wis. 2d 87, 93, 394 N.W.2d 732 (1986) ("The court of appeals is intended to be a high-volume, error-correcting court, having a close relationship to the circuit courts in respect to the superintending control of circuit court functions."), and we are not authorized to make factual findings, *see* ***Wurtz v. Fleischman***, 97 Wis. 2d 100, 107 & n.3, 293 N.W.2d 155 (1980) ("The court of appeals is … preclude[d] from making any factual determinations where the evidence is in dispute.").

¶6    Significantly, an appellant, like Schoenbeck, bears the burden of demonstrating that the circuit court erred. *See* ***Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Here, Schoenbeck completely fails to

3

develop any legal argument to demonstrate how the court erred in entering the judgment in Miller's favor.[2]  It is not our responsibility to develop arguments for a party, and we are not required to address arguments that are undeveloped.  ***Doe 1 v. Madison Metro. Sch. Dist.***, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (stating that appellate courts "do not step out of [their] neutral role to develop or construct arguments for parties" (citation omitted)); ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").  We are a "fast-paced, high-volume court" and, as such, "[t]here are limits beyond which we cannot go in overlooking these kinds of failings."  ***Id.*** at 647.  Although Schoenbeck is representing himself in this appeal, his brief must still comply with "relevant rules of procedural and substantive law." *See* ***Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (citation omitted).  Without developed and supported arguments as to errors of the proceedings in the circuit court, Schoenbeck is unable to meet his burden to demonstrate how the circuit court erred.  Because he fails to meet that burden, we affirm.

> *By the Court.*—Judgment affirmed.

> This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2]  Schoenbeck did not file a reply brief.